Filed 3/17/21  P. v. Craig CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| THE PEOPLE, | C092173 |
| Plaintiff and Respondent, | (Super. Ct. No. P18CRF0421) |
| v. |  |
| NORMAN JOHN CRAIG, |  |
| Defendant and Appellant. |  |

Defendant Norman John Craig appeals from the trial court's order finding him in violation of his probation.  His appointed counsel has asked this court for an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

1

## BACKGROUND

After a dispute involving his neighbors in October 2018, defendant was charged with making criminal threats (Pen. Code, § 422, count 1),[1] vandalism (§ 594, subd. (a), count 2), brandishing a replica gun (§ 417.4, count 3), and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 4).

In June 2019, defendant pleaded no contest to count 1 as amended to a misdemeanor criminal threats charge and count 2 in exchange for a 364-day jail term on count 1 with credit for 226 actual days and a waiver of conduct credits, plus three years' formal probation on count 2. The oral plea agreement[2] included orders that defendant not harass or annoy his neighbors, and that he stay 20 yards away from them. After the court explained his appeal rights, defendant further agreed that because it was a stipulated sentence between the parties that he would waive his right "to file an appeal in this matter." The parties stipulated that the preliminary hearing transcript could serve as the factual basis for the plea, and the court sentenced defendant pursuant to the plea agreement.

In April 2020, the district attorney filed a petition to revoke defendant's probation, alleging that defendant entered his neighbors' property and annoyed, harassed, and threatened them. Defendant denied the allegation, and requested a contested hearing.

At the violation hearing in May 2020, defendant's neighbor testified that she lives next to defendant, and had a previous confrontation with defendant in October 2018 where he came onto her property and shouted at her for over 30 minutes.

In April 2020, the neighbor called law enforcement multiple times to report that defendant was outside her house yelling and shining a flashlight at her house and her car.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] The record on appeal does not contain a written plea agreement.

While shining the light at her house, she heard defendant yelling get off my property or get off the property. Although she could not actually see defendant holding the flashlight, she was aware of defendant's voice from the previous October 2018 incident that was the basis of the underlying criminal threats and vandalism charges. A short time later, from her back window she saw the flashlight shining on her back deck. Given the location of the deck, the neighbor surmised that the person holding the flashlight had to have been on her property. She heard faint yelling, although she could not make out what was being said.

Following the contested hearing, the trial court found the alleged probation violation true. In May 2020, the court reinstated defendant on probation under the original terms and conditions, and ordered defendant to serve 120 days in jail. Defendant waived his right to appeal.

Defendant, in pro. per., filed a notice of appeal without a certificate of probable cause in June 2020.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

## DISPOSITION

The judgment is affirmed.

/s/
HOCH, J.

We concur:

/s/
RAYE, P. J.

/s/
BLEASE, J.

4